NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LEE HOLLAND, JR.,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2021-1027

---

Appeal from the United States Court of Federal Claims in No. 1:20-cv-00119-MBH, Senior Judge Marian Blank Horn.

---

Decided:  September 1, 2021

---

LEE HOLLAND, JR., Livingston, TX, pro se.

JOSHUA A. MANDLEBAUM, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, STEVEN JOHN GILLINGHAM, MARTIN F. HOCKEY, JR.

---

Before DYK, LINN, and CHEN, *Circuit Judges.*

PER CURIAM.

Lee Holland, Jr. appeals a decision of the United States Court of Federal Claims (Claims Court) that dismissed his complaint for lack of jurisdiction.  We *affirm*.

BACKGROUND

Mr. Holland served in the U.S. Navy from May 11, 1961, until he retired on July 1, 1990.  In 1971, Mr. Holland received an Associate of Science Degree after completing the Navy's Associate Degree Program.  The Navy then assigned him to work at a medical and dental clinic in Long Beach, California, as a dental technician.

In January 1974, Mr. Holland applied for an appointment as a commissioned officer in the Medical Service Corps.  In the spring of that year, Mr. Holland experienced medical problems, including pain and swelling in his joints, and was hospitalized on May 14, 1974.  On May 29, the Navy selected Mr. Holland for Medical Service Corps appointment at the rank of ensign, beginning August 1, 1974.  While he was hospitalized, however, Mr. Holland was diagnosed with rheumatoid arthritis, and a medical examiner concluded that he was unfit for duty.  As a result, at the request of his commanding officer, Mr. Holland's Medical Service Corps appointment documents never issued.

After referral to a physical evaluation board in late 1974, Mr. Holland was transferred to the Temporary Disability Retirement List ("TDRL") on February 26, 1975.  On January 31, 1980, the Secretary of the Navy determined that Mr. Holland was physically fit for active duty, and on October 1, 1980, he was removed from the TDRL.  On October 2, 1980, Mr. Holland reenlisted.[1]  He continued to

---

[1]    While it does not appear relevant to the present appeal, while Mr. Holland was on TDRL, he attended law

serve on active duty until he was transferred to the fleet reserve on February 28, 1989, and thereafter, on July 1, 1990, retired from the Navy.

In 1983, Mr. Holland petitioned the Board for the Correction of Naval Records, seeking reinstatement of his appointment to the Medical Service Corps, which the Board denied. He next petitioned the Board in 2018, almost thirty years after his retirement, seeking the same remedy. Specifically, in 2018, Mr. Holland requested to be retroactively appointed a commissioned officer in the Medical Service Corps and to "receive incremental grade advancements," i.e., promotions, "to the rank of O-5 [commander] or O-6 [captain] as of July 1990." S.A. 28.

During its most recent review, the Board determined that Mr. Holland's petition was "not filed in a timely manner" but "found it in the interest of justice to waive [its] statute of limitations [to] consider [Mr. Holland's] case on its merits." *Id.* at 27.[2] After consideration of his petition, the Board denied his requests on August 27, 2019, concluding that he "did not meet the qualifications to receive [his] appointment [to the Medical Service Corps] due to not being physically qualified." *Id.* at 28. The Board also

---

school. After Mr. Holland reenlisted, he unsuccessfully applied for a commission in the Judge Advocate General's Corps.

[2]    When Mr. Holland filed his 2018 petition, the applicable statute of limitations to file a petition before the Board was three years. 32 C.F.R. § 723.3(b) (2020) ("Applications for correction of a record must be filed within 3 years after discovery of the alleged error or injustice."). This limitations period, however, may be "excused by the Board if it finds it would be in the interest of justice to do so," as the Board so found here. *Id.*

concluded that, because Mr. Holland was never commissioned, he was "never eligible for any officer advancements." *Id.*

Mr. Holland sought review of the Board's 2019 decision in this court on October 3, 2019.  On January 29, 2020, we explained that we "do not have the authority to review appeals directly from the [Board]" and transferred the case to the Claims Court.  Order at 2, *Holland v. United States*, No. 20-1028 (Fed. Cir. Jan. 29, 2020), ECF No. 13.

In his Claims Court complaint, Mr. Holland sought the relief requested in his 2018 Board petition as well as monetary relief in the amount of "reasonable rank advancement wages," "loss of social 'prestige' opportunities and experience," and "administrative efforts, attorney fees[,] and court costs."  *Holland v. United States*, 149 Fed. Cl. 543, 546 (2020).  The Claims Court dismissed Mr. Holland's complaint on a variety of grounds, including for want of jurisdiction.  In particular, the Claims Court found that the complaint was time-barred under the applicable statute of limitations (28 U.S.C. § 2501) and that the petition Mr. Holland filed with the Board in 2018 did not toll the statute-of-limitations period or affect when the claim accrued.[3]

Mr. Holland appeals.  We have jurisdiction under 28 U.S.C. § 1295(a)(3).

---

[3]    The alternative grounds of the Claims Court's dismissal included that military promotion decisions are typically not subject to judicial review and that the Claims Court does not have jurisdiction over claims arising under the Due Process Clauses of the U.S. Constitution, the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101–12213, or criminal statutes.

## DISCUSSION

We review the Claims Court's dismissal for a lack of jurisdiction de novo. *Sioux Honey Ass'n v. Hartford Fire Ins. Co.*, 672 F.3d 1041, 1049 (Fed. Cir. 2012). Mr. Holland, as the plaintiff, bore the burden of establishing jurisdiction. *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013).

As relevant here, for the Claims Court to have jurisdiction under the Tucker Act, "[a] claim . . . must be filed within six years of its accrual date." *Goodrich v. United States*, 434 F.3d 1329, 1333 (Fed. Cir. 2006) (citing 28 U.S.C. § 2501). A claim accrues "when all the events which fix the government's alleged liability have occurred and the plaintiff was or should have been aware of their existence." *Hopland Band of Pomo Indians v. United States*, 855 F.2d 1573, 1577 (Fed. Cir. 1988) (emphasis omitted); *see also Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc) ("A cause of action cognizable in a Tucker Act suit accrues as soon as all events have occurred that are necessary to enable the plaintiff to bring suit . . . .").

On appeal, Mr. Holland continues to argue that he was entitled to have his appointment to the Medical Services Corps restored and to incremental promotions that purportedly would have stemmed from that appointment. The relevant events giving rise to Mr. Holland's petition to the Board (and claim before the Claims Court) appear to have occurred between 1974 and 1980. Mr. Holland does not argue otherwise. On its face, Mr. Holland's complaint was untimely.

As the Claims Court concluded, Mr. Holland's "most recent appeal to the [Board] is not relevant for determining if his recently filed [Claims Court] complaint . . . [was] timely." *Holland*, 149 Fed. Cl. at 553. The Board's waiver of the limitations period governing petitions to the Board

has no impact on the six-year statute of limitations applicable to the Claims Court.  As we explained in *Martinez*,

> this court and the Court of Claims have long held that, in Tucker Act suits, a plaintiff is not required to exhaust a permissive administrative remedy[, such as seeking relief from a correction board,] before bringing suit.  As a corollary of that rule, the court has held that a plaintiff's invocation of a permissive administrative remedy does not prevent the accrual of the plaintiff's cause of action, nor does it toll the statute of limitations pending the exhaustion of that administrative remedy.

333 F.3d at 1304.  Because Mr. Holland failed to timely seek relief at the Claims Court, the Claims Court was without jurisdiction to hear his claim.

Given our conclusion that the Claims Court correctly determined that Mr. Holland's claim was time barred, we need not address the Claims Court's alternative grounds of dismissal.

## AFFIRMED

### COSTS

No costs.